UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TRUSTEES OF THE HOLLOW METAL PENSION FUND,

                            Plaintiffs,

                     –against–                                     16-cv-9480 (LAK)

MORRIS FINE FURNITURE WORK SHOP, INC., et al..

                            Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/11/2018

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        This matter is before the Court on the report and recommendation of Magistrate Judge Katherine H. Parker (the "R&R"), which recommends that I grant the plaintiffs' motion for summary judgment determining that defendants Morris Fine Furniture Work Shop, Inc. ("MFFWS") and Walter P. Sauer LLC ("WPS") are jointly and severally liable to plaintiffs for ERISA withdrawal liability in the amount of $657,869 plus 4 percent interest and an amount equal to the greater of (I) interest on the unpaid withdrawal liability amount at the rate of 4 percent or (ii) liquidated damages of $131,573.80, as well as attorneys' fees to be determined. WFFWS has not objected to the R&R. WPS objects only to the extent that the recommendation includes liquidated damages.

        WPS's initial point is that the document relied upon by the R&R as the plan authorizing liquidated damages should not have been considered because it was not authenticated and no foundation for its admission was laid. In any case, it argues that the plaintiffs failed to show a rational relationship between the liquidated damages amount calculated pursuant to the alleged plan and the reasonably foreseeable actual damages from a breach of WPS's obligations.

        WPS is correct that the document relied by the R&R upon was submitted for the first time in plaintiffs' reply papers and that it sufficiently preserved its objection to its consideration at oral argument. It is correct also that evidence in support of and in opposition to summary judgment must be admissible in evidence. Plaintiffs tacitly admit that the R&R's reliance on the document that underlies its liquidated damages recommendation technically was erroneous, as their response to WPS's objection to the R&R includes the submission of a declaration with signed copies of what they claim are the controlling document. And they offer no excuse for their failure to have presented them to the magistrate judge.

In the circumstances, WPS's first objection to the R&R is sustained and the motion for summary judgment as against WPS is denied. This ruling, however, is without prejudice to plaintiffs filing a new motion for summary judgment as to that defendant. Given the lack of objection by MFFWS, the motion for summary judgment is granted as against that defendant. Plaintiffs shall have judgment against MFFWS for the relief recommended in the R&R.

As WPS is likely to raise the substance of its second objection to the R&R in response to a new motion for summary judgment by plaintiffs, I overrule that objection, substantially for the reasons set forth in plaintiffs' response to WPS's objections to the R&R.

The Clerk shall terminate DI 23.

SO ORDERED.

Dated: July 11, 2018

_____
Lewis A. Kaplan
United States District Judge