UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
TRUSTEES OF THE HOLLOW METAL
PENSION FUNDS,

                                Plaintiff,

                  -against-

MORRIS FINE FURNITURE WORK SHOP, INC.,
WALTER P. SAUER LLC, and
ANTHONY MORRIS LLC

                               Defendants.
-----------------------------------------------------------------X

**OPINION & ORDER**

**1:16-CV-9480 (LAK) (KHP)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/02/19

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Defendant Walter P. Sauer LLC ("WPS") has submitted a letter in response to my Report & Recommendation dated March 15, 2019 (Doc. No. 58.) questioning the propriety of taking judicial notice of historical prime rates on short-term commercial loans as reported by the Board of Governors of the Federal Reserve System in Statistical Release H.15. Although technically not required in these circumstances, pursuant to Rule 201(e) of the Federal Rules of Evidence, this Court held a telephonic conference with the parties to hear WPS's position on this issue. *See e.g., Amadasu v. Christ Hosp.*, 514 F.3d 504, 507-508 (6th Cir. 2008); *Jonas v. Jonas*, 2014 U.S. Dist. LEXIS 32923, at *6 (D. Mont. Mar. 12, 2014). WPS's primary contention is that Plaintiff did not carry its burden of proving what the historical prime rates were because the Pension Benefit Guaranty Corporation ("PBGC"), an agency of the U.S. government, does not state the source of the historical prime rates.

      This Court requested that WPS provide the Court with a more accurate source of the historical prime rates. WPS indicated that it had no basis to question the accuracy of the prime rates listed on the PGBC website. (*See also* Doc. No. 65.) This Court asked WPS whether it could

cite any case law prohibiting the Court from taking judicial notice of the rates listed by the PBGC. WPS indicated that it could not.

At the conference, Plaintiff reiterated that in its briefing it had provided the Court with two sources for the historical prime rates, the PBGC website and JP Morgan Chase's website. (Doc. Nos. 54, 57.) The rates are identical on both sites. Additionally, both parties agree that the PBGC-promulgated regulation concerning interest chargeable on withdrawal liability is the appropriate rule governing this case. See 29 C.F.R. § 4219.32(b). It follows that the interest rates published by the PBGC for pension funds, sponsors, and participants subject to the regulation would be reliable. Indeed, the PBGC's website expressly states that "PBGC's withdrawal liability regulation (29 CFR 4219) provides that unless rules adopted by the plan provide otherwise, multiemployer plans charge withdrawing employers interest at the rates *shown below* if their withdrawal liability payments are late or in default." <u>Overdue or Default Withdrawal Liability</u>, Pension Benefit Guaranty Corporation, [https://www.pbgc.gov/prac/interest/oodwl](https://www.pbgc.gov/prac/interest/oodwl) (last updated March 19, 2019) (emphasis added). Therefore, the PBGC expressly directs covered plans to utilize the rates published on its website. Further, courts within this Circuit have taken judicial notice of these historical prime rates for the very purpose of setting interest on withdrawal liability. *Bd. of Tr. of UFCW Local 342 Pension Fund v. Merrick Associate Mkt., Inc.,* No. 11-cv-4310 (DRH) (AKT), 2012 WL 4049845, at *4 (E.D.N.Y. Aug. 21, 2012) (taking judicial notice of interest using the PBGC basis and computing interest on withdrawal liability under 29 U.S.C. § 1132(g)(2)(B)).

For all these reasons, WPS's objection to this Court's use of PBGC-published interest rates in the Report & Recommendation is overruled.

**SO ORDERED.**

DATED: New York, New York
April 2, 2019

_____
KATHARINE H. PARKER
United States Magistrate Judge